# EXHIBIT A

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "**Settlement Agreement**" or "**Agreement**"), is made and entered into, by and between **ACM DEVELOPMENT, LLC** ("**ACM**"), a Florida limited liability company; **ALTA CYPRESS, LLC** ("**Alta**"), a foreign limited liability company, and **WOOD FLORIDA BUILDERS, LLC** ("**WFB**" and, collectively with Alta, "**Wood Partners**") (ACM, Alta, and WFB are hereinafter collectively referred to as the "**Parties**" – where appropriate). The Parties enter into this Agreement with reference to the following facts and recitals:

## RECITALS

1.   **WHEREAS,** on January 20, 2022 (the "**Petition Date**"), ACM filed its voluntary petition to reorganize its financial affairs under Chapter 11 of the Bankruptcy Code, which case is pending at Case No. 6:22-bk-00210-LVV (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "**Bankruptcy Court**").

2.   **WHEREAS,** Alta is the owner of certain real property located at 301 Dog Track Road, Longwood, Florida 32750 more particularly described as:

**SEC 05 TWP 21S RGE 30E FROM INT E LI LOT 8 CENTRAL PARK & SLY R/W SEMINOLA BLVD RUN N 88 DEG 56 MIN 28 SEC W 669.81 FT SWLY ALONG CURVE 57.28 FT S 00 DEG 15 MIN 36 SEC E 194.99 FT N 88 DEG 56 MIN 28 SEC W 355.09 FT TO POB RUN B 00 DEF 15 MIN 36 SEC W 245 FT TO SLY R/1 SEMINOLA BLVD ELY ALONG SLY R/W TO C/L VACD ST W OF LOT 8 CENTRAL PARK SLY ALONG C/L VACD ST TO A PT S 88 DEG 56 MIN 28 SEC E OF BEG N 88 DEG 56 MIN 28 SEC W TO BEG**

Hereinafter referred to as (the "**Property**").

3.   **WHEREAS,** on or about October 30, 2020, ACM and WFB entered into an agreement wherein ACM agreed to provide labor and materials and other related construction services for WFB at the Property (the "**Construction Agreement**").

47989574.1

4. **WHEREAS**, from October 2021 through January 25, 2022, ACM submitted applications for payment to WFB in order to, among other things, satisfy the claims of the following subcontractors:

    a. Allied Trucking of Orlando, LLC

    b. Core & Main, L.P.

    c. Orlando Paving Company

    d. Statewide Electric, Inc.

    e. Pace Concrete, Inc.

hereinafter the ("**Subcontractor Claims**").

5. **WHEREAS**, the subcontractors who possess the Subcontractor Claims and certain of their sub-subcontractors have asserted claims or otherwise commenced actions in state court wherein they maintain and seek to maintain claims against Wood Partners and the Property and enforce liens that they purport to hold against the Property (the "**Wood Partners Lien Claims**");

6. **WHEREAS**, upon information and belief, certain of the Wood Partners Lien Claims are duplicative of the Subcontractor Claims;

7. **WHEREAS**, on or about April 20, 2022, ACM timely recorded a Corrective Claim of Lien on the Property (the "**Claim of Lien**") in the public records of Seminole County, Book: 10221 and Page 1270-1271.

8. **WHEREAS**, on August 9, 2022, ACM commenced a lawsuit against WFB and Alta in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida (Case Number: 2022CA001873) (the "**ACM State Court Action**").

9. **WHEREAS**, following arms-length negotiations prior to the Parties' scheduled settlement conference, the Parties reached a compromise and settlement which resolves all claims and issues between them and avoids litigation.

### AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and the mutual promises contained herein, the receipt and sufficiency of each of which is hereby acknowledged by each party hereto, the Parties hereby agree as follows:

(1) **Incorporation of Recitals**. The foregoing Recitals are incorporated herein by reference and made a part of this Settlement Agreement.

(2) **Representations**. On behalf of themselves, each of the Parties hereby warrants, covenants, and represents to the other that the full execution and delivery of this Agreement was duly authorized and that the terms contemplated hereby, constitute valid and legally binding and enforceable obligations of that respective party. No other consent, approval, or other action by any entity, person, group of persons, or governmental authority is required with the execution, delivery and performance of this Agreement by the Parties, except as otherwise stated herein. Prior to entering into this Agreement, the Parties performed their own investigation and have entered into this Agreement based upon that investigation and have relied upon the advice of legal counsel. None of the Parties were induced to enter into this Agreement by any representations of any other party other than those representations expressly set forth in this Agreement. Except as otherwise stated in this Agreement, the covenants exchanged herein are executed without reliance upon any statement or representation of any of the Parties concerning the nature, merit, legal liability, or value of any claim or claims releases herein, or any other matter.

(3) **Settlement Amount**. Within five (5) business days of the later to occur of (i) the entry of an order by the Bankruptcy Court approving this Agreement (the "**Settlement Order**") becoming a final order and (ii) the entry of the Bar Order and Third-Party Release (the "**Bar Order**")[1] in favor of Wood Partners, as set forth in Paragraph 9 below, becoming a final order, Wood Partners shall remit payment, or cause payment of, a settlement payment totaling Seven

---

[1] For the avoidance of doubt, the Bar Order may be incorporated into an order confirming ACM's Plan of Reorganization.

Hundred and Ninety Thousand and 00/100 Dollars ($790,000.00) (the "**Settlement Amount**") via wire transfer to c/o Latham Luna Eden & Beaudine, LLP Trust Account, which shall be allocated and paid in accordance with Paragraphs 3 and 4 below.

(4)     **Resolution of Wood Partners Lien Claims**.  Pursuant to this Agreement, the Parties have agreed that Five Hundred and Fifteen Thousand and 00/100 Dollars ("$515,000.00") (the "**Wood Partners Lien Claims Payment Cap**") of the Settlement Amount shall be paid to ACM and allocated to resolve and redress the Wood Partner Lien Claims and for ACM to obtain lien waivers concurrent with the resolution and satisfaction of the Wood Partner Lien Claims in a form consistent with Fla. Stat. 713.20 and recordable in the applicable registry. To the extent the Wood Partner Lien Claims are satisfied in full and any and all liens, claims, lawsuits, and encumbrances associated with the Wood Partner Lien Claims against Wood Partners have been resolved with no liability to Wood Partners (other than the payment of the Settlement Amount contemplated herein) and all purported liens against the Property discharged or otherwise removed or waived, ACM shall be entitled to receive and retain, one hundred percent (100%) of any realized savings between the amount paid to satisfy the Wood Partners Lien Claims and the Wood Partners Lien Claims Payment Cap (the "**Savings Amount**").

(5)     **Payment to ACM**. Pursuant to this Agreement, the Parties have agreed that the sum of Two Hundred and Seventy-Five Thousand and 00/100 ($275,000.00) (the "**ACM Payment**") of the Settlement Amount shall be paid to the ACM via wire transfer to c/o Latham Luna Eden & Beaudine, LLP Trust Account.

(6)     **Claim Objection Litigation**. To the extent ACM intends to pursue objections to the Subcontractor Claims in the Bankruptcy Case, such claim objections and litigation associated with any claim objections (the "**Claim Litigation**") will be the sole responsibility of ACM, and any costs associated with the Claim Litigation shall be borne solely by ACM.

(7) **Dismissal of State Court Action and Release of Lien.** Within five (5) business days of the receipt of the Settlement Amount, ACM shall dismiss, or cause the dismissal of, the State Court Action and the release of the Claim of Lien with prejudice.

(8) **Event of Default.** Upon the failure of the Parties to uphold any obligation under the terms of this Agreement (an "**Event of Default**"), the defaulting Party shall have seven (7) days to cure the default after receipt of notice from counsel for the non-defaulting party.

(9) **Bar Order and Third-Party Release in Favor of WFB and Alta.** Pursuant to the terms of this Agreement, WFB and Alta will provide substantial benefits to ACM and its estate including, but not limited to, the infusion of funds to support ACM's reorganization effort, and the reduction of the pool of claims asserted against ACM and its estate. ACM believes that this Agreement is essential to its reorganization. In consideration of the substantial contributions made by Wood Partners, ACM shall pursue and obtain the entry of a Bar Order by modifying, or causing the modification of, its plan of reorganization to include a broad bar order and third-party release in favor of Wood Partners that (i) provides that any and all claims and lawsuits against Wood Partners arising out of and deriving from the business operations and financial affairs of ACM including, the Wood Partners Lien Claims and the Causes of Action (as such term is defined in ACM's plan of reorganization) have been and are fully resolved with no liability to Wood Partners (other than the duties and obligations set for in this Settlement Agreement and further provides for the release, dismissal, and injunction of the same and (ii) provides that such Bar Order may be filed in any court or office of recordation as evidence of the discharge and resolution of any and all liens, claims, lawsuits and encumbrances associated with the Wood Partner Lien Claims or otherwise asserted against Wood Partners or the Property. Any litigation associated with the approval of the Bar Order and the releases contemplated in this Section (9), and any litigation associated with the release of liens asserted against the Property, including the enforcement of the Bar Order, will be the sole responsibility of ACM and any costs associated with such litigation

shall be borne solely by ACM. Wood Partners agrees to cooperate with ACM, and/or its advisors and professionals, to assist ACM in any litigation associated with the Bar Order, including the releases contemplated herein, objections to the Subcontractor Claims, resolution of the Wood Partners Lien Claims or the release of liens against the Property.

(10)  **Mutual Releases.** Each of the Parties to this Settlement Agreement, and their assigns, successors, heirs, agents, offices, directors, members, managers, employees, administrators, subsidiary entities, personal representatives and attorneys, do hereby release and forever discharge each other, and each of their assigns, successors, heirs, agents, officers, directors, members, managers, employees, administrators, subsidiary entities, personal representatives and attorneys, from any and all actions or causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises, guarantees, liabilities, claims, set offs, refunds, demands, overpayments, losses, costs, expenses and rights of any other nature, known or unknown, fixed or contingent, from the beginning of time to the date hereof; however, nothing contained in this paragraph shall release the Parties from their respective covenants, obligations and agreements set forth in this Agreement, or any other documents executed pursuant to this Agreement.

(11)  **Miscellaneous.**

    (a)  **Governing Law; Jurisdiction.** The Settlement Agreement is to be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving effect to the principles of comity or conflicts of laws thereof. In the event any litigation or other formal legal or equitable proceeding (collectively, "**Litigation**") between or among any of the parties hereto (or their affiliates, officers, directors, agents, successors, or assigns) is instituted in connection with the construction, interpretation, or enforcement of this Agreement, such action shall be brought before the Bankruptcy Court. Each party hereby waives the claim or defense that any such court in which such Litigation is properly commenced as provided for herein constitutes an inconvenient forum.

(b) **Effect of Delay and Waivers**. No delay or omission to exercise any right or power accruing prior to or upon any breach, omission, or failure of performance hereunder shall impair any such right or power, or shall be construed to be a waiver thereof, and any such right or power may be exercised from time to time and as often as may be deemed expedient. In the event of any breach of any provision contained in the Settlement Agreement and/or ancillary agreements otherwise referred to herein, by a party hereto, thereafter, waived by another party, such waiver shall be limited to the particular waiving party and to the particular breach in question and no other. No waiver or release of any term or provision of the Settlement Agreement shall be established by conduct, custom, or course of dealing, but solely by a document in writing duly authorized and executed by the waiving or releasing party.

(c) **Notices**. Whenever any party hereto desires or is required to provide any notice, demand, or request with respect to the Settlement Agreement, each such communication shall be in writing and shall be effective only if it is delivered by personal service (which shall include delivery by delivery service, express mail delivery service, email, or telefax) or mailed, by United States certified mail, postage prepaid, and addressed as follows:

| | |
|---|---|
| If to ACM: | Daniel A. Velasquez, Esq.<br>Latham, Luna, Eden & Beaudine, LLP<br>201 S. Orange Avenue, Suite 1400<br>Orlando, Florida 32801<br>dvelasquez@lathamluna.com |
| If to WFB and/or Alta: | David Wender, Esq.<br>Eversheds Sutherland (US) LLP<br>999 Peachtree Street, NE Suite 2300<br>Atlanta, GA 30309-3996<br>davidwender@eversheds-sutherland.com |

Such communications, when personally delivered, shall be effective upon receipt, but, if sent by certified mail in the manner set forth above, shall be effective three (3) business days following deposit in the United States mail. Any party may change his/its address for such communications by giving notice thereof to the other parties in accordance with the requirements of this section.

(d) **Severability**. If any provision of the Settlement Agreement is ultimately determined to be invalid or unenforceable, such provision shall be deemed limited by construction in scope and effect to the minimum extent necessary to render the same valid and enforceable, and, in the event no such limiting construction is possible, such invalid or unenforceable provision shall be deemed severed from the Settlement Agreement without affecting the validity of any other provision hereof; provided, however, this Agreement shall be null and void to the extent the Bar Order, in a form reasonably acceptable to Wood Partners, is not entered by the Court.

(e) **Entire Agreement**. The Settlement Agreement and all other documents executed and delivered by the parties hereto to consummate the transactions contemplated herein, constitute the entire understanding and agreement of the parties hereto with respect to the subject matter thereof, and supersede all prior written and contemporaneous oral agreements, understandings, inducements, and conditions, express or implied, among the parties with respect thereto. The express terms of the Settlement Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof.

(f) **Counterparts**. The Settlement Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement.

(g) **Construction of Agreement**. The Settlement Agreement has been negotiated by the respective parties hereto, and the language hereof shall not be construed for or against any party. The titles and headings herein are for convenience and reference only and shall not in any manner limit the construction of the Settlement Agreement which shall be considered as a whole. All additions or deletions of provisions from and all drafts of the Settlement Agreement shall be of no force or effect in interpreting the terms of the Settlement Agreement or the intentions of the parties hereto.

(h) **Settlement Purposes Only.** This Settlement Agreement represents a negotiated settlement of a dispute and, as such, in the event the Settlement Agreement does not become binding upon the Parties hereto, contents of the Settlement Agreement and the results obtained thereby shall, except as to any litigation seeking to enforce the Settlement Agreement, be of no force and effect and shall have no evidentiary value in any future litigation on any of the subjects or events described herein.

(i) **Non-Admission of Liability.** The Parties understand and agree that the execution of this Agreement by the Parties will not constitute or be construed as an admission of any wrongdoing or liability whatsoever by any party unless otherwise specified herein.

(j) **Bankruptcy Court Approval.** The Parties are entering into this Agreement to compromise any and all disputes, controversies, claims and issues between them, and if this compromise is not approved by the Bankruptcy Court, then this Settlement Agreement shall be null and void and shall not be deemed an admission by either party. The Parties shall bear their own fees and costs for the pursuit of Bankruptcy Court approval of this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have duly executed the Settlement Agreement as of the dates set forth below.

**ACM DEVELOPMENT, LLC**

By: _____
Its: _____
Date: _____

**ALTA CYPRESS, LLC**

By: David Wender
Its: Counsel of record
Date: 10/27/2022

**WOOD FLORIDA BUILDERS, LLC**

By: David Wender
Its: Counsel of record
Date: 9/27/2022

(h)     **Settlement Purposes Only**. This Settlement Agreement represents a negotiated settlement of a dispute and, as such, in the event the Settlement Agreement does not become binding upon the Parties hereto, contents of the Settlement Agreement and the results obtained thereby shall, except as to any litigation seeking to enforce the Settlement Agreement, be of no force and effect and shall have no evidentiary value in any future litigation on any of the subjects or events described herein.

(i)     **Non-Admission of Liability**. The Parties understand and agree that the execution of this Agreement by the Parties will not constitute or be construed as an admission of any wrongdoing or liability whatsoever by any party unless otherwise specified herein.

(j)     **Bankruptcy Court Approval**. The Parties are entering into this Agreement to compromise any and all disputes, controversies, claims and issues between them, and if this compromise is not approved by the Bankruptcy Court, then this Settlement Agreement shall be null and void and shall not be deemed an admission by either party. The Parties shall bear their own fees and costs for the pursuit of Bankruptcy Court approval of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have duly executed the Settlement Agreement as of the dates set forth below.

| ACM DEVELOPMENT, LLC | ALTA CYPRESS, LLC |
|---|---|
| By: _[signature]_ | By: _____ |
| Its: Owner | Its: _____ |
| Date: 5-26-22 | Date: _____ |

**WOOD FLORIDA BUILDERS, LLC**

By: _____
Its: _____
Date: _____